IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MORRIS MUSE | Mag. No. 14-2007 (JS) |

**MEMORANDUM OPINION AND ORDER**

This Opinion and Order addresses defendant Morris Muse's February 3, 2014 letter application requesting that the government present a witness at the upcoming February 6, 2014 detention and preliminary hearing to testify regarding "what, if anything, Muse did or said at the undercover location and what he said about his own involvement after he was arrested." Letter Brief at 2. On January 30, 2014, Muse was arrested and charged in a January 31, 2014 criminal complaint with violating 18 U.S.C. §§1951(a), 21 U.S.C. 841(a)(1), 841(b)(1)(A), and 846. Muse is alleged to have participated in a conspiracy to rob a drug "stash house" and to distribute 15 to 20 kilograms of stolen cocaine. The existence of the stash house and cocaine was a plan orchestrated by government agents. The averments directed to Muse are not extensive. Muse was present with his alleged co-conspirators when they met with an undercover agent

1

the date of the planned robbery. The complaint alleges in ¶36.e. that after Muse was arrested he admitted he understood his "crew" would rob the stash house and that he would be the lookout. Muse, through his attorney, denies the substance of ¶36.e. Muse also requests a copy of "statements." The Court received the government's February 5, 2014 response and exercises its discretion to decide this issue without oral argument. As discussed herein, defendant's request is GRANTED in part and DENIED in part.

Discussion

1. Witness Testimony

It is well settled that at a detention hearing the government may proceed by proffer, that hearsay testimony may be used, and that the Court has discretion whether to require direct witness testimony. 18 U.S.C. §3142(f); United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985). Similar principles apply in the context of a preliminary hearing. Gerstein v. Pugh, 420 U.S. 103, 120-125 (1975). To be sure, however, the Court has discretion to decline to accept proffered evidence and to require the government to produce a witness to testify. United States v. Accetturo, 783 F. 2d 382, 388-89 (3d Cir. 1986). As noted in Accetturo, "[t]hrough sensible exercise of this power of selection, the judicial officer can make meaningful the defendant's right to cross-examine without

unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition." Id. (citing United States v. Acevedo-Ramos, 755 F.2d 203, 207-08 (1st Cir. 1985)). Further, in U.S. v. Hammond, 44 F. Supp. 2d 743, 746 (D. Md. 1999), the Court wrote:

> In short, the case law supporting detention upon government proffers in no way requires a judicial officer to accept or accredit proffered evidence, nor does that case law assume that proffers in lieu of live testimony are appropriate in every case. The case law certainly does not limit, and in fact supports, the discretion of the reviewing judicial officer to require the presentation of evidence. Of necessity, the propriety of a proffer as a basis for detention must be assessed on a case-by-case basis.

After evaluating the totality of the evidence made available to the Court, defendant's application is GRANTED in part and DENIED in part. If the government will rely on inculpatory statements Muse allegedly made, the government must make a witness available to testify. Thus, if the government will rely on the averment in ¶36.e. of the complaint's probable cause affidavit, the Court requires that a witness must testify concerning Muse's statement. The relevant statement in ¶36.e. reads:

> Following their arrests, ADAMS, BASNIGHT, FORMAN, McFARLANE, and MUSE, all admitted that they had planned to participate in the robbery of a drug stash house, and made the following statements, among others:
>
> . . .

> e. MUSE understood the crew would rob the stash house of cocaine, and stated that his role in the conspiracy was to act as a lookout outside the stash house.

In U.S. v. Flanders, Crim. No. 2010-29, 2010 WL 4054442, at *5 (D.V.I. Oct. 15, 2010), the Court wrote, "[r]ead together, Delker and Accetturo[1] stand for the proposition that a defendant is not entitled to call a government witness at a detention hearing in the absence of a proffer that the testimony will negate the Government's contention that he is a danger to the community, even when such a defendant is subject to the rebuttable presumption under §3142(e)." Here, Muse made such a proffer since he challenges the substance of ¶36.e. of the probable cause affidavit. The Court deems it appropriate to require a witness to testify concerning the averment in ¶36.e. since this evidence is central to the probable cause finding against Muse in the complaint, and Muse denies the substance of the averment. Cf. U.S. v. DeFede, 7 F. Supp. 2d 390, 393-94 (S.D.N.Y. 1998)("The fact that the Bail Reform Act does not require an evidentiary hearing prior to the issuance of any detention order of course does not mean that a court is free to detain a defendant by arbitrarily crediting an unpersuasive government proffer over an unsubstantiated proffer of denial by the defendant. The stakes in pretrial detention are too

---

[1] Delker and Accetturo are reported Third Circuit decisions.

4

high.").[2]  The Court's ruling requiring live testimony is not unprecedented.  Hammond, supra; U.S. v. Cooper, Crim. Case No. BEL-08-0239, 2008 WL 2331051 (D. Md. June 16, 2008). To be clear, the Court is not requiring the government to rely upon ¶36.e. However, if the government chooses to rely upon the paragraph a witness shall testify and be subject to cross-examination.[3] The government's reliance on the Court's decisions in United States v. Abdullahu, 488 F. Supp. 2d 433, 441 (D.N.J. 2007) and United States v. Schenberger, 498 F. Supp. 2d 738, 744 (D.N.J. 2007) is unavailing.  In those cases the defendants did not disavow or challenge the statements allegedly attributed to them.

Defendant's request that a witness testify concerning any other portion of the January 31, 2014 probable cause affidavit is denied.  The Court finds that testimony regarding these averments will not materially aid the Court's decision. Further, the Court's independent determination of the reliability of the rest of the government's proffer results in the conclusion that it is sufficiently reliable that live

---

[2] To be sure, however, the Court is not ruling that the averment in ¶36.e. is "unpersuasive."  The Court is simply ruling that since Muse's alleged admission is central to the government's probable cause proffer, and since Muse denies the substance of the admission, good cause exists to require the government agent to testify.
[3] It is important to note that the scheduled hearing is not an opportunity for defendant to conduct discovery.

testimony on the subject matter is not necessary. Abdullahu, 488 F. Supp. 2d at 437 n.4.

2. Statements

Defendant's request for "any reports describing Muse's alleged involvement and post-arrest statements" is overbroad. The Court agrees that Fed. R. Crim. P. 26.2(a)-(d) and (f) applies at the preliminary hearing. See Rule 5.1(h). Pursuant to Rule 26.2(a):

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Given that the purpose of the Rule 26.2 disclosure is to provide the defendant with an opportunity to review a witness's statement for impeachment purposes, the government has no obligation to produce such a statement until the witness has testified. U.S. v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).

Furthermore, a witness "statement" is defined as (1) a written statement that the witness makes and signs, or otherwise adopts or approves; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or (3) the witness's statement to

a grand jury, however taken or recorded, or a transcription of such a statement. Fed. R. Crim. P. 26.2(f). When considering whether a document qualifies as a "statement" under the Rule, a court must determine whether

> 'the statement could fairly be deemed to reflect fully and without distortion what had been said to the [G]overnment agent . . . summaries of an oral statement which evidence substantial selection of material, or were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced. Neither . . . are statements which contain the agent's interpretations or impressions.'

U.S. v. Bissell, 954 F. Supp. 841, 870 (D.N.J. 1996)(quoting Palermo v. U.S., 360 U.S. 343, 352-53 (1959)).

While defendant does not specify which "reports" and "post-arrest statements" he seeks to compel, the Court agrees with the government that defendant's request is overly broad and seeks discovery beyond the scope of what defendant is entitled to at this stage. See Fed. R. Crim. P. 16(a)(2). To the extent defendant seeks the production of statements made by his alleged coconspirators or other non-testifying government witnesses, defendant's request is denied because such statements are not discoverable until such time as the witness testifies. U.S. v. Giampa, 904 F. Supp. 235, 285 (D.N.J. 1995) (denying defendant's request for pre-trial disclosure of coconspirators statements finding Rule 16(a)(1)(A) could not be extended beyond requiring disclosure of defendant's own statements); U.S. v. Ramos, 27

F.3d 65, 69-70 (3d Cir. 1994) (finding law enforcement officers' rough notes of interviews with cooperating coconspirators constituted neither "statements" nor "substantially verbatim recitals" under *Jencks*/Rule 26.2). However, the Court finds that defendant is entitled to the disclosure of his own oral statement and the "portion of any written record containing the substance of any relevant oral statement" he made before or after his arrest in response to interrogation by a person defendant knew was a government agent, if the government intends to use the statement at trial. Fed. R. Crim. P. 16(a)(1)(A)-(B). Furthermore, upon defendant's request, the government must disclose and make available for inspection, copying, or photographing "any relevant written or recorded statement by the defendant if: (1) the statement is within the government's possession, custody, or control; and (2) the attorney for the government knows—or through due diligence could know—that the statement exists." Fed. R. Crim P. 16(a)(1)(B)(i).

Since the matters are related, the Court's ruling also applies to the February 7, 2014 scheduled hearings in U.S. v. Daquan Basnight, Mag. No. 14-2004(JS) and U.S. v. Sean Forman, Mag. No. 14-2005 (JS). Further, the Court notes that although the subject matter of the hearings scheduled on February 7, 2014 overlap, the Court's decisions will only be based on the evidence presented at each hearing. "[T]he defendant [must] have

some opportunity to confront the evidence offered against him. A procedure by which a judge uses evidence offered only at someone else's hearing conflicts with [the] congressional intention in precisely the same ways as an in camera presentation." Accetturo, 783 F.2d at 392.

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 6th day of February, 2014, that defendant's February 3, 2014 application is GRANTED in part and DENIED in part; and it is further

ORDERED that if the government will rely on ¶36.e. of the probable cause affidavit at Muse's detention and preliminary hearing, a witness shall testify instead of proceeding by proffer; and it is further

ORDERED that defendant's request for "statements" is GRANTED and DENIED in part in accordance with this Order.

s/Joel Schneider<br>
JOEL SCHNEIDER<br>
United States Magistrate Judge

9